## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| REED TIMMER,<br><br>　　　Plaintiff,<br><br>v.<br><br>THE DAILY CALLER, INC.,<br><br>　　　Defendant. | Civil Action No. 1:23-cv-01657-BAH<br><br><br>Hon. Beryl A. Howell |

### DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

　　　　　　　LINCOLN D. BANDLOW (Bar ID: CA099)
　　　　　　　ROM BAR-NISSIM (Bar ID: CA0105)
　　　　　　　LAW OFFICES OF LINCOLN BANDLOW, P.C.
　　　　　　　1801 Century Park East
　　　　　　　Suite 2400
　　　　　　　Los Angeles, CA 90067
　　　　　　　Tel: (310) 556-9680 / Fax: (310) 861-5550
　　　　　　　Email: Lincoln@BandlowLaw.com; Rom@BandlowLaw.com

　　　　　　　*Attorneys for Defendant*

1

Defendant The Daily Caller, Inc. ("The Daily Caller") by and through its undersigned counsel, hereby answers the Complaint (ECF No. 1) (the "Complaint") of plaintiff Reed Timmer ("Timmer"). If an allegation is not specifically admitted, it is hereby denied.

## INTRODUCTION

1. The Daily Caller denies that it committed any infringement or wrongful act for which Timmer would be entitled to recover damages, but it does not contest that this action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101, *et seq.*

2. The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 and, therefore, The Daily Caller denies the allegations contained in Paragraph 2 on that basis.

3. The Daily Caller admits the allegations contained in Paragraph 3.

4. The allegations contained in Paragraph 4 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits that it did not receive permission or authorization from Timmer to use any copyrighted work, but The Daily Caller denies the remaining allegations contained in Paragraph 4.

## PARTIES

5. The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and, therefore, The Daily Caller denies the allegations contained in Paragraph 5 on that basis.

6. The Daily Caller admits the allegations contained in Paragraph 6.

## JURISDICTION AND VENUE

7. The Daily Caller does not contest this Court's federal jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.     The Daily Caller does not contest that this Court has personal jurisdiction over it.

9.     The Daily Caller denies that it has committed any infringement or wrongful acts, but it does not contest Timmer's selection of venue in this judicial district under 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL CLAIMS

A.     **Plaintiff's Copyright Ownership**

10.    The allegations contained in Paragraph 10 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, therefore, The Daily Caller denies the allegations contained in Paragraph 10 on that basis.

11.    The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, therefore, The Daily Caller denies the allegations contained in Paragraph 11 on that basis.

12.    The allegations contained in Paragraph 12 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, therefore, The Daily Caller denies the allegations contained in Paragraph 12 on that basis.

13.    The allegations contained in Paragraph 13 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained Paragraph 13 and, therefore, The Daily Caller denies the allegations contained in Paragraph 13

on that basis.

14. The allegations contained in Paragraph 14 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits that the video identified as Exhibit 1 to the Complaint (the "Subject Video") depicts what appears to be a hurricane. As to the remaining allegations contained in Paragraph 14, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 and, therefore, The Daily Caller denies the remaining allegations contained in Paragraph 14 on that basis.

15. The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 and, therefore, The Daily Caller denies the allegations contained in Paragraph 15 on that basis.

16. The Daily Caller admits that, according to the United States Copyright Office's online records, Registration No. PA 2-388-966 (the "Registration"): (1) exists; (2) is registered as a "Motion Picture"; (3) is entitled "9.28.2002_Hurricane Ian Florida Cost Surge"; (3) identifies the author and claimant of the work as Timmer; and (4) has a registration date of November 29, 2022. As to the remaining allegations contained in Paragraph 16, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 16 and, therefore, The Daily Caller denies the remaining allegations contained in Paragraph 16 on that basis.

17. The allegations contained in Paragraph 17 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 and, therefore, The Daily Caller denies the allegations contained in Paragraph

17 on that basis.

18.     The Daily Caller admits the allegations contained in Paragraph 18.

**B.      Defendant's Infringing Activity**

19.     The Daily Caller admits the allegations contained in Paragraph 19.

20.     The allegations contained in Paragraph 20 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 20.

21.     The allegations contained in Paragraph 21 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits that it is a news and media entity, but denies the remaining allegations contained in Paragraph 21.

22.     The allegations contained in Paragraph 22 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits that it: (1) incorporated a brief clip of the Subject Video into The Daily Caller's own (and much longer) video (the "TDC Video"); and (2) posted the TDC Video at the URLs identified in Paragraph 22. The Daily Caller denies the remaining allegations contained in Paragraph 22.

23.     The allegations contained in Paragraph 23 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits that it did not seek permission or authorization from Timmer to incorporate a brief excerpt of the Subject Video into the TDC Video and post the TDC Video on the Facebook accounts identified in the Paragraph 3 of the Complaint (the "Accounts"). The Daily Caller denies the remaining allegations contained in Paragraph 23.

24.     The allegations contained in Paragraph 24 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the

allegations contained in Paragraph 24.

25. The allegations contained in Paragraph 25 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Dailly Caller admits that the TDC Video was located at the URLs identified in Paragraph 22 of the Complaint, but denies the remaining allegations contained in Paragraph 25.

26. The Daily Caller denies the allegations contained in Paragraph 26.

27. The allegations contained in Paragraph 27 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 27.

28. The allegations contained in Paragraph 28 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 28.

29. The allegations contained in Paragraph 29 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 29.

30. The allegations contained in Paragraph 30 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 30.

31. The allegations contained in Paragraph 31 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 31.

32. The allegations contained in Paragraph 32 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the

allegations contained in Paragraph 32.

33. The allegations contained in Paragraph 33 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 33.

34. The allegations contained in Paragraph 34 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 34.

35. The allegations contained in Paragraph 35 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 35.

36. The allegations contained in Paragraph 36 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 36.

37. The allegations contained in Paragraph 37 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 37.

38. The allegations contained in Paragraph 38 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 38.

39. The allegations contained in Paragraph 39 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 39.

40. The allegations contained in Paragraph 40 constitute conclusions of law to which

no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 40.

## FIRST COUNT

### *(Direct Copyright Infringements, 17 U.S.C. §401 et seq.)*

41.     The Daily Caller incorporates by reference its responses to Paragraphs 1 through 40 of the Complaint set forth above as if they were fully set forth herein.

42.     The allegations contained in Paragraph 42 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies that the Subject Video is creative. As to the remaining allegations contained in Paragraph 42, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 42 and, therefore, The Daily Caller denies the remaining allegations contained in Paragraph 42 on that basis.

43.     The allegations contained in Paragraph 43 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits to the existence of the Registration and that it identifies Timmer as the owner of the work subject to the Registration. As to the remaining allegations contained in Paragraph 43, The Daily Caller lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 43 and, therefore, The Daily Caller denies the remaining allegations contained in Paragraph 43 on that basis.

44.     The allegations contained in Paragraph 44 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller admits the allegations contained in Paragraph 44.

45.     The allegations contained in Paragraph 45 constitute conclusions of law to which

no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 45.

46. The allegations contained in Paragraph 46 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 46.

47. The allegations contained in Paragraph 47 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 47.

48. The allegations contained in Paragraph 48 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 48.

49. The allegations contained in Paragraph 49 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 49.

50. The allegations contained in Paragraph 50 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies the allegations contained in Paragraph 50.

## **JURY DEMAND**

51. The allegations contained in Paragraph 51 constitute conclusions of law to which no responsive pleading is required. Insofar as a response is required, The Daily Caller denies that Timmer is entitled to a jury for equitable issues, including but not limited to, the ultimate decision of whether TDC Video made a fair use of the Subject Video.

/ / /

**PRAYER FOR RELIEF**

a. The Daily Caller denies that Timmer is entitled to the relief requested in Paragraph (a) of Timmer's Prayer for Relief in the Complaint.

b. The Daily Caller denies that Timmer is entitled to the relief requested in Paragraph (b) of Timmer's Prayer for Relief in the Complaint.

c. The Daily Caller denies that Timmer is entitled to the relief requested in Paragraph (c) of Timmer's Prayer for Relief in the Complaint.

d. The Daily Caller denies that Timmer is entitled to the relief requested in Paragraph (d) of Timmer's Prayer for Relief in the Complaint.

e. The Daily Caller denies that Timmer is entitled to the relief requested in Paragraph (e) of Timmer's Prayer for Relief in the Complaint.

f. The Daily Caller denies that Timmer is entitled to the relief requested in Paragraph (f) of Timmer's Prayer for Relief in the Complaint.

**AFFIRMATIVE DEFENSES**

The Daily Caller asserts the following affirmative defenses to Timmer's Complaint. All such defenses are pled in the alternative, do not constitute an admission of liability, do not imply any concession that Timmer is entitled to any relief, and do not constitute an assumption of the burden of proof and/or persuasion that would otherwise rest on Timmer. The Daily Caller alleges that it cannot fully anticipate all affirmative defenses that may be applicable to the present action. Accordingly, The Daily Caller hereby reserves its right to assert additional affirmative defenses based on information subsequently acquired through discovery, investigation, or otherwise, if and to the extent such affirmative defenses are applicable. Subject to the foregoing, for its affirmative defenses in this action, The Daily Caller hereby asserts and alleges the following:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Timmer's Complaint and each claim for relief therein (in whole or in part) fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Fair Use)

Timmer's claims fail (in whole or in part) because, to the extent the Daily Caller incorporated a brief excerpt of the Subject Video into the TDC Video (including subsequent uses by The Daily Caller of the TDC Video) without authorization, such use(s) constitute a "fair use" under 17 U.S.C. Section 107.

## THIRD AFFIRMATIVE DEFENSE

### (Innocent Infringement)

To the extent that The Daily Caller did infringe the Subject Video (which it denies), Timmer's recovery of statutory damages is limited because The Daily Caller's purported infringement was innocent.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Timmer is barred from recovery (in whole or in part) because of and to the extent he failed to mitigate his alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

### (No Attorneys' Fees)

To the extent that Timmer seeks his attorneys' fees for the present action, he is not entitled to such relief under the circumstances.

## SIXTH AFFIRMATIVE DEFENSE

### (No Injunctive Relief)

To the extent that Timmer seeks injunctive relief, he is not entitled to such relief under the circumstances.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Jury for Equitable Issues)

Timmer is not entitled to a jury trial on any equitable issues.

## EIGHTH AFFIRMATIVE DEFENSE

### (Other Affirmative Defenses)

The Daily Caller at this time has insufficient information upon which to form a belief as to whether it may have additional affirmative defenses. The Daily Caller reserves its right to assert additional affirmative defenses in the event it discovers facts upon which such affirmative defenses may be based.

## PRAYER FOR RELIEF

WHEREFORE, The Daily Caller prays as follows:

a. That Timmer take nothing by way of the Complaint against The Daily Caller, and the action be dismissed with prejudice;

b. That judgment be entered in favor of The Daily Caller and against Timmer with respect to all claims in the Complaint;

c. That the Court award The Daily Caller its attorneys' fees and all other costs reasonably incurred in defense of this action to the extent provided for by law; and

d. That the Court award such other relief that it deems just and proper to The Daily Caller.

DATED:  August 4, 2023 Respectfully submitted,
*/s/ Lincoln D. Bandlow*

LINCOLN D. BANDLOW (BAR ID: CA099)
ROM BAR-NISSIM (BAR ID: CA0105)
LAW OFFICES OF LINCOLN BANDLOW, P.C.
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 556-9680
Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com; Rom@BandlowLaw.com

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 4, 2023, the foregoing document was filed through the CM/ECF system and thereby served electronically on counsel for Plaintiff Reed Timmer. Courtesy copies of the foregoing document was also emailed to counsel as follows:

1. Craig Sanders and James H. Freeman (Counsel for Plaintiff Reed Timmer) at csanders@sanderslaw.group and jfreeman@sanderslaw.group.

DATED: August 4, 2023

Respectfully submitted,
*/s/ Lincoln D. Bandlow*

LINCOLN D. BANDLOW (BAR ID: CA099)
ROM BAR-NISSIM (BAR ID: CA0105)
LAW OFFICES OF LINCOLN BANDLOW, P.C.
1801 Century Park East
Suite 2400
Los Angeles, CA 90067
Tel: (310) 556-9680
Fax: (310) 861-5550
Email: Lincoln@BandlowLaw.com; Rom@BandlowLaw.com

*Attorneys for Defendant*